UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAHA SAKO,<br><br>                Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, NATIONAL ASSOCIATION,<br><br>                Defendant. | Case No.: 14cv1034-GPC(JMA)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT**<br><br>[Dkt. No. 30.] |

      Before the Court is Plaintiff's motion for leave to amend the complaint to add claims for breach of contract, and breach of the covenant of good faith and fair dealing. (Dkt. No. 30.) Defendant filed an opposition. (Dkt. No. 36.) Plaintiff filed a reply. (Dkt. No. 39-2.) Based on the reasoning below, the Court DENIES Plaintiff's motion for leave to file an amended complaint.

**Background**

      On November 26, 2013, Plaintiff Maha Sako ("Plaintiff" or "Sako") filed a complaint against her former employer Defendant Wells Fargo Bank, N.A. ("Defendant" or "Wells Fargo") in San Diego Superior Court, which was removed to this Court on April 24, 2014. (Dkt. No. 1.) The complaint alleges causes of action for wrongful termination of employment in violation of public policy; race and gender discrimination

in violation of the Fair Employment and Housing Act; intentional infliction of emotional distress; violation of California Labor Code section 201 (unpaid wages); violation of California Labor Code section 203 (waiting time penalties); and violation of California Business and Professions Code section 17200. (Dkt. No. 1-1, Compl.)

A pretrial scheduling order was filed on August 6, 2014. (Dkt. No. 16.) The deadline to file a motion to amend was October 6, 2014. (Dkt. No. 16.) The deadline for discovery was April 20, 2015. (Dkt. No. 23.) A motion for summary judgment was filed on May 26, 2015. (Dkt. No. 25.) On June 24, 2015, Plaintiff filed a motion for leave to amend. (Dkt. No. 30.) In her motion for leave to amend, she seeks to add causes of action for breach of contract (oral and implied in fact), and breach of the covenant of good faith and fair dealing. (Dkt. No, 30-1, Proposed FAC ¶ 6.) On August 21, 2015, the Court granted in part and denied in part Defendant's motion for summary judgment. (Dkt. No. 40.) A pretrial conference is set for October 9, 2015.

## Discussion

Both parties argue their respective positions on the motion pursuant to the standard under Federal Rule of Civil Procedure ("Rule") 15. However, because a pretrial scheduling order has been filed, the Court must first determine whether Plaintiff meets the Rule 16 "good cause" standard for filing her motion to amend eight months past the deadline before addressing Rule 15. See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992); Johnson v. Nyaco, LLC, No. 14cv115-KJM-EFB, 2015 WL 1540646, at *3 (E.D. Cal. Apr. 7, 2015).

**A.     Good Cause to Modify Scheduling Order**

Once a court has issued a pretrial scheduling order, the standards under Rule 16, rather than Rule 15 govern a party's ability to amend. Johnson, 975 F.2d at 609 (holding the "good cause" standard of Rule 16 controls after a scheduling order establishes the pleading timetable). Under Rule 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Rule 16's "good cause" standard is more stringent than a Rule 15 analysis. AmerisourceBergen Corp. v. Dialysist

West, Inc., 465 F.3d 946, 952 (9th Cir. 2006).  Once "good cause" is shown, the party must demonstrate that amendment is proper under Rule 15.  Johnson, 975 F.2d at 608.

Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment." Johnson, 975 F.2d 604, 609 (9th Cir. 1992).  "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Id. (citations omitted).

In her argument to support undue delay under Rule 15, Plaintiff argues she discovered new evidence to support causes of action for breach of contract and breach of the covenant of good faith and fair dealing when the deposition of Steven Sawyer was taken on May 1, 2015.[1]  According to Plaintiff, the filing of her motion to amend less than two months after discovering evidence to support her contract claims does not constitute undue delay.  Defendant argues that waiting almost two months to file a motion for leave to amend constitutes undue delay.

Courts have held that waiting two months after discovering new facts to bring a motion to amend does not constitute diligence under Rule 16.  See Schwerdt v. Int'l Fidelity Ins. Co., 28 F. App'x 715, 719 (9th Cir. 2002) (delay of one month after learning of facts from a witness' deposition does not constitute diligence under Rule 16 in raising claim); Experexchange, Inc. v. Doculex, Inc., No. C-08-3875 JCS, 2009 WL 3837275, at *29 (N.D. Cal. Nov. 16, 2009) (delay of two months after discovering new facts to file motion to amend and after fully briefed summary judgment motion did not meet the good cause standard under Rule 16).  Therefore, Plaintiff was not diligent in filing her motion for leave to amend.

Defendant further maintains that Plaintiff knew about the facts supporting her proposed causes of action three months prior to filing the instant case.  In a letter dated August 14, 2013, Plaintiff sent a demand letter to Wells Fargo and threatened to bring a

---

[1] Plaintiff asserts that facts learned from the deposition of Drew Collins was recently discovered; however, she fails to assert the date of his deposition.

lawsuit for numerous claims, including breach of contract and breach of the implied covenant of good faith and fair dealing. (Dkt. No. 36-1, Rad Decl. ¶ 4; Ex. 2.) The letter provided an explanation of the facts underlying each claim which are similar to the causes of action in the proposed FAC. In reply, Plaintiff does not dispute the contents of the demand letter.

In addition, the Court notes that in Sako's declaration in support of her opposition to Defendant's motion for summary judgment, she wrote "[u]pon hire, Wells Fargo and I entered an oral employment agreement where it was understood that I would not be terminated without cause." (Dkt. No. 32-1, Sako Decl. ¶ 8.) Moreover, she states that based on custom and practice, no employee would be terminated without a verbal and a written warning. (Id. ¶ 10.) Wells Fargo had a progressive termination policy. (Id.)

Based on the evidence before it, the Court concludes that Plaintiff knew about facts to support causes of action for breach of contract, and breach of the implied covenant of good faith and fair dealing before and during the litigation. Plaintiff was not diligent in filing her motion for leave to amend, and has not demonstrated "good cause" to modify the scheduling order to allow an amendment.

**B.   Rule 15(a)**

Even if the Court found good cause and allowed amendment of the scheduling order, the Court still concludes that Plaintiff has failed to demonstrate the factors to support an amendment pursuant to Rule 15.

Under Federal Rule of Civil Procedure ("Rule") 15(a), leave to amend a complaint after a responsive pleading has been filed may be allowed by leave of the court and "shall freely be given when justice so requires." Foman v. Davis, 371 U.S. 178, 182 (1962); Fed. R. Civ. P. 15(a). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." Foman, 371 U.S. at 182. Granting leave to amend rests in the sound discretion of the trial court. Internat'l Ass'n of Machinists & Aerospace Workers v. Republic Airlines, 761 F.2d 1386, 1390 (9th Cir. 1985). This discretion must be guided

by the strong federal policy favoring the disposition of cases on the merits and permitting amendments with "extreme liberality." DCD Programs Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987). "This liberality in granting leave to amend is not dependent on whether the amendment will add causes of action or parties." Id.; but see Union Pacific R.R. Co. v. Nevada Power Co., 950 F.2d 1429, 1432 (9th Cir. 1991) (In practice, however, courts more freely grant plaintiffs leave to amend pleadings in order to add claims than to add new parties).

Because Rule 15(a) favors a liberal policy, the nonmoving party bears the burden of demonstrating why leave to amend should not be granted. Genentech, Inc. v. Abbott Labs., 127 F.R.D. 529, 530-31 (N.D. Cal. 1989). In assessing the propriety of an amendment, courts consider several factors: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by amendments previously permitted; (4) prejudice to the opposing party; and (5) futility of amendment. Foman, 371 U.S. at 182; United States v. Corinthian Colleges, 655 F.3d 984, 995 (9th Cir. 2011). These factors do not carry equal weight; the possibility of delay alone, for instance, cannot justify denial of leave to amend, DCD Programs, 833 F.2d at 186, but when combined with a showing of prejudice, bad faith, or futility of amendment, leave to amend will likely be denied. Bowles v. Reade, 198 F.2d 752, 758 (9th Cir. 1999). The single most important factor is whether prejudice would result to the non-movant as a consequence of the amendment. William Inglis & Sons Baking Co. v. ITT Continental Baking Co., 668 F.2d 1014, 1053 (9th Cir. 1981).

Plaintiff seeks leave to amend the complaint to add claims for breach of contract and breach of the covenant of good faith and fair dealing. Plaintiff argues that the motion is brought after the motion cutoff because she recently learned of facts during the depositions of Defendant employees, Steven Sawyer and Drew Collins.

**1.    Undue Delay**

As discussed above, the Court concluded that one of the reasons Plaintiff was not diligent, under Rule 16, in filing the motion for leave to amend was because she knew of

the facts supporting the proposed new claims prior to filing the lawsuit. While there is a more lenient standard under Rule 15's undue delay, Plaintiff's knowledge of the facts supporting her proposed causes of action prior to the lawsuit and during the case leads the Court to conclude that there was undue delay in bringing the instant motion. This factor favors Defendant.

### 2. Bad Faith or Dilatory Motive

Defendant argues that Plaintiff brings this motion in bad faith. According to Defendant, not only was Plaintiff aware of the facts to support claims for breach of contract and breach of the covenant of good faith and fair dealing, she waited until after Defendant filed its motion for summary judgment, and right before her opposition was due to file the motion for leave to amend. It contends that Plaintiff realized the possibility that she might lose the case and manufactured the claims to avoid that result. In reply, Plaintiff argues that she is not seeking to amend the complaint for any improper reason and filed the motion soon after learning of the facts.

"The timing of the motion [for leave to amend], after the parties had conducted discovery and a pending summary judgment motion had been fully briefed, weighs heavily against allowing leave. A motion for leave to amend is not a vehicle to circumvent summary judgment." Schlacter-Jones v. General Tele. of California, 936 F.2d 435, 443 (9th Cir. 1991) (leave could be properly denied based on the combination of delay, timing of the motion, and futility) (abrogated on other grounds by Cramer v. Consol. Freightways, Inc., 255 F.3d 683 (9th Cir. 2001)).

Here, the Court concludes the timing of Plaintiff's motion for leave to amend is suspicious since it was filed two months after she allegedly learned of the facts to support the causes of action, and there was a pending motion for summary judgment. Accordingly, the Court concludes that this factor favors Defendant.

### 3. Prejudice to the Opposing Party

Plaintiff summarily argues that leave to amend would not unduly prejudice Defendant which has already been the subject of each party's investigation and formal

discovery. Defendant argues it will be prejudiced by being deprived of the opportunity to conduct discovery of the two proposed claims. Second, even if discovery is re-opened, Defendant would be prejudiced by having to incur significant additional expenses in responding to the First Amended Complaint and conducting discovery. Lastly, Defendant will be prejudiced by a significant delay of the trial.

The discovery deadline passed on April 20, 2015. While each party makes their arguments in general, neither party provides any details as to what discovery on breach of contract and breach of the covenant of good faith and fair dealing was conducted or what additional discovery would be needed to address these proposed new claims. The Court cannot make a determination on summary arguments. Thus, the Court concludes that this factor favors neither party.

**4.     Futility of Amendment**

Defendant argues that leave to amend would be futile because the proposed causes of action are without merit and are time barred. Plaintiff opposes.

Defendant provides evidence that Plaintiff's employment with Defendant was at will. Sako acknowledged the at-will employment arrangement in numerous documents such as the following:

1. Team Member Acknowledgment form signed by Plaintiff on January 25, 2000 ("I have received the Handbook for Wells Fargo Team Members, and understand that the policies it contains do not constitute an express or implied contract of employment. I also understand that employment is at will.");
2. Team Member Acknowledgment form signed by Plaintiff on June 4, 2001 (same as one signed on January 25, 2000);
3. Offer letter dated July 22, 2003, signed by Plaintiff on July 23, 2003 ("Your employment at Wells Fargo has no specified term or length. Both you and Wells Fargo will have the right to terminate your employment at any time, with or without advance notice and with or without cause. This is called 'employment at will.'");

4. Private Client Services Agreement regarding Trade Secrets, Confidential Information, and Non-Solicitation, signed by Plaintiff on July 23, 2003 (a paragraph entitled "**EMPLOYMENT AT WILL**" describing the at-will employment); and

5. Offer letter dated September 12, 2006, signed by Plaintiff on October 2, 2006 ("This offer of employment is not intended to nor does it constitute a contract of employment. Should you accept this offer, your employment . . . will be on an at-will basis.")

(Dkt. No. 36-2, Odjidja Decl. ¶¶ 3-7, Exs. 1-5.)

Labor Code section 2922 provides that "[a]n employment, having no specified term, may be terminated at the will of either party." Labor Code § 2922. That statute "establishes a presumption of at-will employment if the parties have made no express oral or written agreement specifying the length of employment or the grounds for termination." Foley v. Interactive Data Corp., 47 Cal. 3d 654, 677 (1988). Acknowledgements constitute an express agreement for at-will employment. Camp v. Jeffer, Mangels, Butler & Marmaro, 35 Cal. App. 4th 620, 629 (1995) (superseded by statute on other grounds as stated in Salas v. Sierra Chemical Co., 59 Cal. 4th 407, 427 (2014)). "The express term is controlling even if it is not contained in an integrated employment contract." Id. at 630. The at will presumption "may be overcome by evidence of contrary intent." Foley, 47 Cal. 3d at 677. Courts seek to enforce the actual understanding of the parties to a contract. Id. In determining whether there is an implied contract, courts look at "the personnel policies or practices of the employer, the employee's longevity of service, actions or communications by the employer reflecting assurances of continued employment, and the practices of the industry in which the employee is engaged." Id. at 680 (quoting Pugh v. See's Candies, Inc., 116 Cal. App. 3d 311, 327 (1981)).

According to Plaintiff, Drew Collins testified that "in the event that Human Resources based its decision on untruthful, incomplete or inaccurate information, then the

decision to terminate would be wrong." (Dkt. No. 30-1, Gomez Decl. ¶ 4.) Also, Sawyer allegedly testified that Wells Fargo had a progressive policy of discipline based on verbal and written corrective action before termination. (Id. ¶ 5.) According to Plaintiff's counsel, Sawyer testified that it was his belief that Sako should not have been terminated but instead given a warning. (Id.) He also stated that she should have been paid her commissions. (Id.)

Defendant objects to the Gomez Declaration because the testimony is inadmissible to prove the contents of the writing under Federal Rule of Evidence 1002.[2] The Court sustains the objection. The Gomez declaration presents a summary of the testimony from the depositions of Collins, and Sawyer without attaching a transcript to the declaration. Second, even if Gomez' summary of the deposition of Sawyer and Collins was admissible, these statements do not overcome the presumption of an at will employment. The statement have no relevance as to whether an implied or oral contract was created between Sako and Wells Fargo to terminate her employment only for good cause. Therefore, a cause of action for breach of contract would be futile.

In addition, there "is no claim under California law for breach of the implied covenant of good faith and fair dealing arising from the termination of an at-will employment relationship." Guz v. Bechtel Nat'l Inc., 24 Cal. 4th 317, 350-51 (2000). Guz also held that a breach of the implied covenant of good faith and fair dealing cannot be based on breach of an implied in fact contract because such a claim would be superfluous because the remedy for either claim is contractual. Id. at 352. Therefore, a claim for breach of the implied covenant of good faith and fair dealing would also be futile. Accordingly, the Court concludes that it would be futile to allow an amendment.[3]

---

[2] Federal Rule of Evidence 1002 states, "[a]n original writing, recording, or photograph is required to prove its content unless these rules or a federal statute provides otherwise." Fed. R. Evid. 1002.

[3] Defendant further argues that the proposed causes of action are time barred and do not relate back to the original complaint. Since the Court concludes that the amendment is futile based on the merits of the causes of action, the Court need not address whether the proposed causes of action are time barred and whether they relate back to the original complaint.

In sum, the Court concludes that the factors under Rule 15 do not support granting leave to amend and the Court DENIES Plaintiff's motion for leave to file an amended complaint.

### Conclusion

Based on the above, the Court DENIES Plaintiff's motion for leave to file an amended complaint. The hearing set for August 28, 2015 shall be **vacated**.

IT IS SO ORDERED.

Dated: August 24, 2015

Hon. Gonzalo P. Curiel
United States District Judge