1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10

MAHO SAKO,

CASE NO. 14CV1034-GPC(JMA)

11

Plaintiff,

**ORDER SETTING SETTLEMENT CONFERENCE WITH MAGISTRATE JUDGE**

12

vs.

13

WELLS FARGO BANK. N.A.,

14

Defendant.

15
16
17
18
19
20
21
22

On January 8, 2015, the Court granted in part and denied in part Plaintiff's motion for summary judgment. (Dkt. No. 59.)  The remaining causes of action are the amount of the unpaid wages due to Plaintiff and the UCL claim based on the unpaid wages.  Accordingly, the Court DIRECTS the parties to a settlement conference with Magistrate Judge Adler.  The settlement conference shall be held on **January 28, 2016 at 10:00 a.m.** in Courtroom 2B at the Edward J. Schwartz United States Courthouse, 221 West Broadway, San Diego, California.   Counsel shall submit settlement statements[1] to Magistrate Judge Adler's chambers no later than **January 21, 2016.**

23
24

All named parties, all counsel, and any other person(s) whose authority is required to negotiate and enter into settlement shall appear in person at the conference.

25
26
27
28

---

[1]Statements under 20 pages in length, including attachments and exhibits, may be e-mailed to efile_adler@casd.uscourts.gov, faxed to (619) 702-9939, or delivered to chambers via the Office of the Clerk of Court at 333 West Broadway, Suite 420, San Diego, California. Statements exceeding 20 pages in length, including attachments and exhibits, must be delivered to chambers via the Office of the Clerk of Court.

[14CV1034-GPC(JMA)]

The individual(s) present at the Settlement Conference with settlement authority must have the unfettered discretion and authority on behalf of the party to:  1) fully explore all settlement options and to agree during the conference to any settlement terms acceptable to the party, G. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989); 2) change the settlement position of a party during the course of the conference, Pitman v. Brinker Int'l, Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003); and 3) negotiate a settlement without being restricted by any predetermined level of authority, Nick v. Morgan's Foods, Inc., 270 F.3d 590, 596 (8th Cir. 2001). Appearance by litigation counsel only is not acceptable.  Retained outside corporate counsel shall not appear on behalf of a corporation as the party who has the authority to negotiate and enter into a settlement.

Moreover, at the motion hearing held on December 17, 2015, the parties indicated that they would stipulate to a bench trial.  Based on the Court's recent ruling on Plaintiff's motion for summary judgment, the parties shall inform Magistrate Judge Adler whether they would stipulate to a bench trial.  If the case is not resolved at the settlement conference, the Court will set dates for trial.

IT IS SO ORDERED.

DATED:  January 11, 2016

HON. GONZALO P. CURIEL
United States District Judge

[14CV1034-GPC(JMA)]